# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHASTON T. WALLACE**  **PLAINTIFF**
**ADC #168296**

V.  NO. 4:25-cv-00694-KGB-ERE

**DEXTER PAIN,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommendation for the dismissal of Mr. Wallace's claims has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Baker may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II. Background

*Pro se* plaintiff Chaston T. Wallace, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Wallace's complaint alleges that since he has been incarcerated "I have woke up to the use of PI the mathematical theory to communication with my digital rights being violated

every single day." *Doc. 2 at 4*. In addition, Mr. Wallace alleges that he has been falsely incarcerated for 37 years. *Id*. He sues ten individuals, including a number of private citizens, in both their individual and official capacities seeking monetary damages.

For the reasons explained below, I recommend that Mr. Wallace's claims be dismissed, without prejudice, for failure to state a plausible constitutional claim for relief.

### III. Discussion

#### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause

2

of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

### B. Stating a Claim under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a state employee or person acting under state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a §1983 claim must be based upon an alleged violation of a federal constitutional or statutory right). Here, Mr. Wallace's complaint fails to allege that any specific state actor violated any of his federal constitutional or statutory rights.[1] I am unaware of any federal or statutory right regarding the "mathematical theory to

---

[1] Mr. Wallace's complaint also fails to allege facts to show how any individual Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Wallace's complaint fails to state a plausible constitutional claim against any individual Defendant.

In addition, to the extent that Mr. Wallace seeks to hold any supervisor individually liable for the actions of their subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

communication." As a result, he has failed to state a plausible constitutional claim for relief under 42 U.S.C. § 1983.

### C.  Private Citizen

In addition, although Mr. Wallace names a number of private citizens as Defendants in this lawsuit, "[s]ection 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)). Mr. Wallace alleges no facts suggesting that Defendants MIT multi-craft Jeff Day, MIT multi-craft Autumn Murray, Teacher Marty Miller, Pilot Michael Miller, Laborer multi-craft Thomas Andrew Evans, Grocer Natalie Evans, or Nicole Lucarelli Jones were acting under the color of state law in connection with the events giving rise to this lawsuit. As a result, he has failed to state a plausible constitutional claim for relief against these Defendants.

### D.  False Imprisonment

Under Arkansas law, false imprisonment is "the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority." *Headrick v. Wal-Mart Stores, Inc.*, 293 Ark. 433, 435 (1987).

Other than Mr. Wallace's conclusory allegation that he has been falsely incarcerated for 37 years, his complaint fails to allege any facts to support a false

imprisonment claim. As a result, his proposed false imprisonment claim is not plausible and should also be dismissed.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Wallace's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional or state law claim for relief.

2. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Clerk be instructed to close this case.

Dated 17 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE